JORGE LUIS RIVERA, ETC., Plaintiff and Appellee, v. JULIO VIEJO, ETC., Defendant and Appellant.

No. 7082. Argued January 17, 1936. Decided May 20, 1936.

*F. Soto Gras* and *R. Díaz Collazo* for appellant. *V. M. Sánchez Fernández* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

This is a filiation suit brought by Jorge Luis Rivera, a minor, represented by his natural mother Petra Rivera, wherein it is sought to have him declared an acknowledged natural child of Julio Viejo, with all the rights appertaining to his alleged filiation. In the complaint it is alleged that Jorge Luis Rivera is the natural child of Julio Viejo and Petra Rivera, who had a love affair (*relaciones amorosas*) and lived under the same roof as husband and wife, and that as a result of this cohabitation the plaintiff was born, who also enjoyed the status of an acknowledged natural child of the aforesaid Julio Viejo.

As appears from the record, this suit was filed on July 31, 1934. On August 20 of the same year Julio Viejo entered his appearance and moved that certain particulars of the complaint be stricken out. On September 8, after the death of the defendant, plaintiff asked that, in accordance with section 51 of the Special Legal Proceedings Act, Julio Viejo Feliú, the provisional judicial administrator, be substituted as a party to the action. The lower court so ordered. Thereupon the judicial administrator interposed a demurrer to the complaint on the ground that in a suit for filiation, only the persons constituting the succession of the putative parent are necessary parties defendant, and hence the administrator could not by himself represent the heirs or the succession of Julio Viejo because of the nature of the action exercised.

The demurrer was overruled and the administrator answered the complaint, after which a trial was held which culminated in a judgment for plaintiff. From this judgment the judicial administrator appealed, urging in the first place that the lower court erred in holding that the heirs or the

succession of the defendant Julio Viejo are not necessary or indispensable parties to this action.

 The lower court concluded that it was the duty of the judicial administrator to represent the decedent in all legal proceedings, including an action of filiation begun by or against such decedent before his death. In actions instituted after his death, the judicial administrator can only represent the decedent where the proceedings are directed against the estate.

We transcribe below the arguments adduced by the lower court for not considering the heirs of Julio Viejo as necessary parties in this action:

"The administrator of the estate of a person who dies intestate must represent him in all actions which may be instituted or have already commenced, until a declaration of heirship has been made by final order or judgment. And this is only natural or logical. As no one is entitled to represent a decedent and the estate in case of an intestate succession until a declaration of heirship has been decreed, it was necessary for the law to determine who was to be entrusted in the meantime with that representation for the purpose of exercising the rights of the decedent and of the estate, and this was done by the above-cited section 51 of the Special Legal Proceedings Act, which not only provides that it shall be the duty of the administrator to represent the decedent in the actions begun by or against him before his death, and that all actions shall be stayed by his death until an administrator is appointed, but provides further that 'the administrator shall be substituted as a party in the action.'

" * * * * * * *

"The defendant alleges that there is a defect of parties defendant because a judicial administrator lacks capacity to represent the party originally sued in an action of this nature, and he relies on *Ex parte Boerman*, 34 P.R.R. 120.

"The case invoked is one wherein after an accounting had been rendered by a judicial administratrix, a referee was appointed to audit the same, and he presented his report, which the court approved. From the order of approval an appeal was taken by the administratrix, who attacked the proceedings, among other reasons, because in her opinion they were void inasmuch as she was not made a party defendant as such administratrix and executrix. Referring

to this question, the Supreme Court said that the same had been already decided against the administratrix by the U. S. Circuit Court of Appeals for the First Circuit (3 F. (2d) 241) in establishing the doctrine that under the Civil Code of Puerto Rico (sections 192 and 194), in a suit for filiation brought after the death of the putative father, only the persons constituting the succession are necessary parties defendant and it is not necessary to join his personal representative, notwithstanding the provisions of section 41 of the Code of Civil Procedure of Puerto Rico.

"As may be seen, that case has no application. The Circuit Court refers to a filiation suit brought *after* the death of the putative father, and section 41 of the Code of Civil Procedure was the one construed therein. In the instant case, an action of filiation brought *before* the death of the putative father is involved, and section 51 of the Special Legal Proceedings Act is the section interpreted."

In *Rosado* v. *Succession of Matta,* 19 P.R.R. 291, a filiation suit was involved. This court held that the provisions of section 41 of the Code of Civil Procedure are applicable only to actions prosecuted against the executor or administrator of the property of the deceased and against the estate and not to an action against the heirs of the deceased, because the word "representatives" refers to the executor or the administrator, but not to the heirs.

*Ex parte Boerman,* 34 P.R.R. 120, was later decided by this court, applying the doctrine which had already been upheld by the U. S. Circuit Court of Appeals for the First Circuit.

The appellee maintains, in accord with the lower court, that section 51 of the Special Legal Proceedings Act (section 584 of the Code of Civil Procedure, 1933 ed.), not section 41 of the Code of Civil Procedure, is the one applicable to the instant case, since an action commenced before the death of the alleged parent is involved. That section reads as follows:

"It shall be the duty of the administrators and while they are being appointed, of the executors, to represent the decedent in all legal proceedings begun by or against him before his death, and in

those which may be instituted afterwards by or against the inherited estate. Actions or proceedings brought by or against the decedent shall be stayed by his death until the executor takes charge or an administrator is appointed; and the executor or administrator shall be substituted as a party in the action.''

We do not share the views of the lower court on this point. It is true that section 51 speaks of legal proceedings begun against the decedent before his death, and of legal proceedings which may be instituted after he has died; but regardless of the judicial interpretation which may be given to this section, it is clear to our minds that the lawmaker never intended to grant to the judicial administrator the exclusive representation of the decedent in a filiation suit brought by a person claiming to be a natural son of said decedent. By reason of its nature and special character, this action of filiation can not be decided without bringing in as parties thereto the persons who may be affected by the judgment of the court. And those persons are the heirs, the relatives of the deceased, who are really interested in having the facts ascertained in order to be sure, if they are not, that the person who claims the filiation is entitled thereto, or to defend themselves against the claims of a person who attempts, without a legitimate right, to enter into the family. If the decedent has left any property, the action of filiation, as regards those persons, has the twofold aspect of the pecuniary as well as the moral interest, because of the hereditary rights which the law grants to a natural child, and because of the exceptional importance which the acknowledgment of filiation has for the family. The logical thing is, therefore, that the interested persons, whether they are forced heirs or next of kin entitled to inherit from the deceased in the absence of one claiming to be a natural child, may have an opportunity to be heard in an action which affects them so directly. The fact that a declaration of heirship has not been requested or obtained is no reason to ignore the members of the succession. With or without a

declaration of heirship, the essential thing is that the parties really interested in an action of this character should come before the court, so that a final judgment may be rendered in the action. In our opinion, the action commenced during the lifetime of the putative father, may be continued, joining as defendants both the judicial administrator, if any, and the heirs, who are the real parties in interest.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with the terms of this opinion.

Mr. Justice Travieso took no part in the decision of this case.